UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| GREGG M. WERNER, | : | CIVIL ACTION-LAW |
|  | : |  |
| Plaintiff | : | JURY TRIAL DEMANDED |
|  | : |  |
| v. | : | NO. 3:24-cv-00255-JKM |
|  | : |  |
| JACOB J. HORTON, PRINCIPLE MERCHANTS | : |  |
| LEASING LTD., AMAZON LOGISTICS, INC., | : |  |
| AMAZON.COM, INC. and AMAZON.COM | : |  |
| SERVICES, LLC, | : |  |

Defendants

**ANSWER WITH AFFIRMATIVE DEFENSES
OF DEFENDANTS, JACOB  J. HORTON AND
PRINCIPLE MERCHANTS LEASING, LTD.
TO COMPLAINT OF PLAINTIFF, GREGG M. WERNER**

Answering defendants, Jacob J. Horton and Principle Merchants Leasing, LTD, by and through undersigned counsel, Litchfield Cavo LLP, hereby respond to plaintiff's complaint.

**Parties**

1.     After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph (1) of plaintiffs' complaint.  Therefore, those averments are denied.

2.     Admitted.

3.     Denied.

4 – 8.   After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraphs (4) – (8) of plaintiff's complaint.  Therefore, those averments are denied.

9.     Denied. In further reply, this paragraph does not contain any assertions of fact. Therefore, no response is required.

10.     Denied. In further reply, this paragraph does not contain any assertions of fact. Therefore, no response is required.

11.     Denied.

12 – 13.     After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraphs (12) – (13) of plaintiff's complaint.  Therefore, those averments are denied.

14.     Denied.

15.     Denied.

16.     Denied.

17.     Denied.

18 - 21.     After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraphs (18) – (21) of plaintiff's complaint.  Therefore, those averments are denied.

22.     Denied.

23.     Denied.

24.     Denied.

25 - 31.     After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraphs (25) – (30) of plaintiff's complaint.  Therefore, those averments are denied.

32 - 33.    The averments contained in paragraphs (32) – (33) of plaintiff's complaint are too vague to allow for an informed answer. Therefore, after reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraphs (32) - (33), which are denied.

34.    Denied.

35.    Denied.

36.    Denied.

37.    Denied.

38.    Denied.

39.    Denied.

40.    Denied.

41.    Denied.

42.    Denied.

**Jurisdiction and Venue**

43.    Denied.

44.    Denied.

45.    Denied.

46.    Denied.

47.    Denied.

48.    Denied.

49 – 53.    After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraphs (49) – (53) of plaintiff's complaint.  Therefore, those averments are denied.

are denied.

54.     Denied.

55.     Denied.

56.     Denied.

**Operative Facts Common to all Counts**

57.     Denied.

58.     After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph (58) of plaintiff's complaint.  Therefore, those averments are denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied.

**Count I: Negligence/Recklessness**
**Greg M.  Werner v. Jacob J. Horton**

71.     Answering defendants incorporate here by reference their replies to paragraphs

(1) through (70) of the complaint as if set forth here at length.

72.     Denied.

73.     Denied.

WHEREFORE, answering defendants, Jacob J. Horton and Principle Merchants Leasing,

LTD request entry of judgment in their favor and against plaintiff plus defense costs and other

relief as permitted by law.

**Count II: Negligence/Recklessness**
**Greg M.  Werner v. Amazon Logistics, Inc.,**
**Amazon.com, Inc., and Amazon.Com Services, LLC**
**as Being Vicariously Liable for Jacob J. Horton**

74.     Answering defendants incorporate here by reference their replies to paragraphs

(1) through (73) of the complaint as if set forth here at length.

75.     Denied.

76.     Denied.

WHEREFORE, answering defendants, Jacob J. Horton and Principle Merchants Leasing,

LTD request entry of judgment in their favor and against plaintiff plus defense costs and other

relief as permitted by law.

**Count III: Negligence/Recklessness**
**Greg M.  Werner v. Principle Merchants Leasing, LTD**
**as Being Vicariously Liable for Jacob J. Horton**

77.     Answering defendants incorporate here by reference their replies to paragraphs

(1) through (76) of the complaint as if set forth here at length.

78.     Denied.

79.    Denied.

WHEREFORE, answering defendants, Jacob J. Horton and Principle Merchants Leasing, LTD request entry of judgment in their favor and against plaintiff plus defense costs and other relief as permitted by law.

**Count IV: Negligent Entrustment**
**Greg M.  Werner v. Principle Merchants Leasing, LTD**

80.    Answering defendants incorporate here by reference their replies to paragraphs (1) through (79) of the complaint as if set forth here at length.

81.    Denied.

82.    Denied.

83.    Denied.

84.    Denied.

85.    Denied.

86.    Denied.

87.    Denied.

88.    Denied. It is further denied  that the FMCSA has any application.

89.    Denied.

90.    Denied.  It is admitted that Principle Merchants leasing, LTD was under a duty to take reasonable measures to assure that its driver employee was competent to drive the subject van.

91.    Denied.  It is admitted that Principle Merchants leasing, LTD was under a duty to take reasonable measures to assure that its driver employee was competent to drive the subject van.

92.    Denied.

93.    Denied.

94.    Denied.

WHEREFORE, answering defendants, Jacob J. Horton and Principle Merchants Leasing, LTD request entry of judgment in their favor and against plaintiff plus defense costs and other relief as permitted by law.

### Count V: Negligent Hiring/Supervision/Retention
### Greg M.  Werner v. Amazon Logistics, Inc.,
### Amazon.com, Inc. and Amazon.com Services, LLC

95.    Answering defendants incorporate here by reference their replies to paragraphs (1) through (94) of the complaint as if set forth here at length.

96.    Denied.

97.    Denied.

98.    Denied.

99.    Denied.

WHEREFORE, answering defendants, Jacob J. Horton and Principle Merchants Leasing, LTD request entry of judgment in their favor and against plaintiff plus defense costs and other relief as permitted by law.

## AFFIRMATIVE DEFENSES

### First Defense

Plaintiff's claims might be barred by the applicable Statutes of Limitations.

### Second Defense

Plaintiff's claims might be barred by the provisions of the Pennsylvania Financial Responsibility Act, 75 Pa. C.S.A. 1701, *et seq.*

### Third Defense

All or portions of plaintiff's claims are barred and/or limited by the provisions of the Pennsylvania Financial Responsibility Act, and/or other statutes of the Commonwealth of Pennsylvania, and answering defendants incorporate all defenses available under said acts or statutes as though more fully set forth at length herein.

### Fourth Defense

Answering defendants hereby plead as a defense any and all waivers entered into by plaintiffs and/or other individuals, including but not limited to any waivers regarding selection of tort option, and state that any such waiver eliminates and/or diminishes the liability and/or damages of answering defendants in this action and/or may bar plaintiff's recovery.

### Fifth Defense

Answering defendants asserts that payment may not be owed for any benefits pursuant to the Pennsylvania Financial Responsibility Act, 75 Pa. C.S.A. 1701, *et seq.*

### Sixth Defense

Plaintiff's claims might be barred because of the doctrines of waiver, estoppel, laches, accord and satisfaction, and/or unclean hands.

### Seventh Defense

To the extent that plaintiff incurred medical costs or charges, they might be unreasonable and excessive.

### Eighth Defense

Plaintiff might have elected to proceed, fully cognizant of the risk involved and thus assumed the risk.

### Ninth Defense

Plaintiff's claims may be barred by the doctrine of release.

### Tenth Defense

Plaintiff sustained no damages in fact or recoverable at law.

### Eleventh Defense

If plaintiff sustained injuries and damages as alleged, which is denied, then plaintiff's claims are barred or reduced in accordance with The Pennsylvania Comparative Negligence Act.

### Twelfth Defense

Plaintiff might have failed to mitigate damages.

### Thirteenth Defense

The actions of individuals or entities other than answering defendants may constitute an intervening, superseding cause of any damages as alleged by plaintiff.

### Fourteenth Defense

No act or omission of answering defendants was a proximate cause, or cause in fact of any alleged loss, injuries or damages allegedly incurred by plaintiff.

WHEREFORE, answering defendants, Jacob J. Horton and Principle Merchants Leasing, LTD request entry of judgment in their favor and against plaintiff plus defense costs and other relief as permitted by law.

**LITCHFIELD CAVO LLP**


By: _/s/ Robert L. Sanzo_
       Robert L.  Sanzo, Esquire
       Identification No.:  70587
       1515 Market Street
       Suite 1220
       Philadelphia, PA   19102
       215-557-0111

       *Attorneys for Defendants,*
       *Jacob J. Horton and Principle Merchants*
       *Leasing, LTD*

Date:    April 10, 2024

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Answer with Affirmative Defenses of

Defendants Jacob J. Horton and Principle Merchants Leasing, LTD to Plaintiff's Complaint was

electronically filed with the Court and served via the Court's electronic filing system on the

below counsel:

Molly Dempsey Clark, Esquire
**FELLERMAN & CIARIMBOLI LAW PC**
555 E Lancaster Ave #100
Radnor, PA  19087
*Attorneys for Plaintiff*

Salvatore A. Clemente, Esquire
J. Michael Kvetan, Esquire
Daniel J. Mirarchi, Esquire
Wilson Elser Moskowitz Edelman & Dicker, LLP
2001 Market Street, Suite 3100
Philadelphia, PA  19103
*Attorneys for Defendants, Amazon Logistics, Inc.,*
*Amazon.com and Amazon.com Services, LLC*

 */s/ Robert L. Sanzo*
Robert L. Sanzo, Esquire

Dated: April 10, 2024