## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GREG M. WERNER,** | : | **No. 3:24cv255** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **JACOB J. HORTON; PRINCIPLE** | : | FILED |
| **MERCHANTS LEASING LTD;** | : | SCRANTON |
| **AMAZON LOGISTICS, INC.;** | : | |
| **AMAZON.COM, INC.; AMAZON.COM** | : | AUG 0 6 2025 |
| **SERVICES, LLC,** | : | PER_____ |
| **Defendants** | : | DEPUTY CLERK |

...................................................................

### MEMORANDUM

Plaintiff Greg Werner asserts claims in this personal injury matter against

Defendants Jacob Horton, Principle Merchants Leasing LTD ("Merchants"),

Amazon Logistics, Inc., Amazon.com, Inc., and Amazon.com Services, LLC.[1]

Werner alleges that the Amazon Defendants are vicariously liable for Defendant

Horton's negligence and recklessness. Werner also alleges that the Amazon

Defendants are liable under claims for negligent hiring, supervision, and

retention.[2]

---

[1] Defendants Amazon Logistics, Inc., Amazon.com, Inc., and Amazon.com Services, LLC will be collectively referred to as the "Amazon Defendants."

[2] Werner asserts claims for negligence and recklessness against Defendant Horton, and negligent entrustment against Defendant Merchants. These claims will not be addressed in this memorandum. However, given the nature of Werner's claims, the court will address any overlap between these claims and the other claims asserted against the Amazon Defendants, as necessary.

Before the court is a motion filed by the Amazon Defendants to dismiss components of Werner's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  The Amazon Defendants also move to strike certain allegations as immaterial, impertinent, and scandalous under Rule 12(f).  The parties have briefed their respective positions and the matter is ripe for a decision.

## Background

Werner seeks damages in this action as the result of a motor vehicle accident involving a delivery van driven by Defendant Horton.  On September 5, 2023, Horton collided with the rear of Werner's vehicle on Interstate 80 East ("I-80") in Monroe County, Pennsylvania.[3] (Doc. 1, Compl. ¶ 57-60).  Werner alleges that the collision caused his face to strike the steering wheel, resulting in serious and permanent injuries.[4] (Id. ¶¶ 60, 64).  Per Werner, Merchants owned the delivery van and leased it to the Amazon Defendants for the purpose of delivering goods sold on Amazon's platform. (Id. ¶ 16).  Horton allegedly operated the van with Merchants' consent. (Id.)

---

[3] These background facts are derived from plaintiff's complaint.  At this stage of the proceedings, the court must accept all factual allegations as true.  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citations omitted).  The court makes no determination, however, as to the ultimate veracity of these assertions.

[4] At the time of the collision, Horton operated a white 2021 Ford Transit delivery van and Werner operated a green 2022 Toyota Tacoma. (Doc. 1, Compl. ¶¶ 57-58).  Werner was travelling eastbound on the entrance ramp of I-80 East as Horton travelled behind him. (Id. ¶¶ 58, 59).  While Werner waited on the edge of the entrance ramp to merge onto I-80, Horton allegedly rear-ended the plaintiff in a sudden and violent manner. (Id. ¶ 60).

2

Plaintiff contends that the Amazon Defendants employed Defendant Horton at the time of the accident. (Id. ¶ 11).  Werner seeks to hold the Amazon Defendants liable for the collision.  Relevant to these allegations, Werner contends that once a truck driver is assigned a delivery in the Amazon Relay or Amazon Flex applications ("Amazon Applications"), the Amazon Defendants communicate directly with the truck driver. (Id. ¶ 31).  Additionally, drivers are monitored by the Amazon Defendants through an application known as Mentor, which tracks their speed, location, and movements. (Id. ¶ 38).  As alleged, the Amazon Defendants even monitor drivers sipping water. (Id.)  The Mentor application issues violations for unsafe driving. (Id.)  Nevertheless, according to the plaintiff, the Amazon Defendants do not discipline drivers for accumulating too many violations. (Id. ¶ 39).

On the date of the collision with Werner, Defendant Horton allegedly acted in the course and scope of his employment because he drove the van for the purpose of delivering goods for the benefit of the Amazon Defendants, among others. (Id. ¶¶ 16, 24, 32). Thus, Werner avers that the Amazon Defendants are vicariously liable for Horton's negligence and recklessness. (Id. ¶¶ 74-76).

As asserted by the plaintiff, a motor carrier that partners with the Amazon Defendants is required to use the Amazon Applications to self-register and deliver goods. (Id. ¶ 25).  Drivers and carriers can search for assignments in their

3

areas and book them through the Amazon Applications. (Id. ¶ 26).  Those assignments include all the information needed for the completion of a trip. (Id. ¶ 29).  Furthermore, the Amazon Defendants set the payment amounts in the Amazon Applications. (Id. ¶ 30).  Accordingly, motor carriers and drivers working for the Amazon Defendants do not negotiate their compensation. (Id.)

Additionally, Werner alleges that the Amazon Defendants are interstate motor carriers authorized to transport goods in both interstate commerce and within the Commonwealth of Pennsylvania pursuant to permits issued by the United States Department of Transportation ("USDOT") or by the Interstate Commerce Commission. (Id. ¶ 18).  Thus, per Werner, the defendants are subject to "all state and federal laws," regulations and industry standards governing the hiring of qualified commercial drivers, the safe maintenance and operation of commercial vehicles, and the safe brokering of goods in interstate commerce. (Id.)  This includes the Pennsylvania Motor Vehicle Code and the Federal Motor Carrier Safety Regulations ("FMCSR" or "Regulations"). (Id.)

Based upon the above allegations, Werner filed this action against Horton, Merchants, and the Amazon Defendants.  Werner asserts that all defendants are personally liable for the crash and resulting injuries. (Id. ¶ 22).  According to Werner, all defendants are jointly and severally liable for his damages due to their collective negligent conduct. (Id. ¶ 23).

4

As to the Amazon Defendants, Count II asserts claims of vicarious liability for Horton's negligence and recklessness, while Count V raises claims for negligent hiring, supervision, and retention.  Regarding the remaining defendants, Count I alleges claims for negligence and recklessness against Horton.  Count III alleges that Merchants is vicariously liable for Horton's negligence and recklessness.  Lastly, Count IV asserts a claim of negligent entrustment against Merchants.

Horton and Merchants filed an answer to the complaint. (Doc. 17). The Amazon Defendants responded to Werner's allegations with a motion to dismiss and a motion to strike. (Doc. 15).  The Amazon Defendants move to dismiss components of Werner's complaint to the extent that the plaintiff:  1) asserts a claim for vicarious liability in Count II as an independent cause of action; 2) seeks to impose the requirements of the FMCSR to this case; and 3) demands punitive damages from Amazon.  Additionally, the Amazon Defendants seek to strike certain allegations from the complaint on the basis that they are immaterial, impertinent, and scandalous.

**Jurisdiction**

The court has jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332.  Werner is a citizen of Pennsylvania. (Doc. 1, Compl. ¶ 1).  Horton is a citizen of New Jersey. (Id. ¶ 2).  Merchants is a citizen of New Hampshire. (Id. ¶

3).  Defendants Amazon Logistics, Inc., Amazon.com, Inc., and Amazon.com Services, LLC are citizens of Washington. (Id. ¶ 4).  Additionally, the amount in controversy exceeds $75,000.  Because complete diversity of citizenship exists among the parties and the amount in controversy exceeds $75,000, the court has jurisdiction over this case. See 28 U.S.C. § 1332 ("district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states[.]"); 28 U.S.C. § 1441 (A defendant can generally move a state court civil action to federal court if the federal court would have had original jurisdiction to address the matter pursuant to the diversity jurisdiction statute).  As a federal court sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Legal Standard**

The Amazon Defendants filed their motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  The court tests the sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion.

To survive a motion to dismiss, "a complaint must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.' " Doe v.

6

Princeton Univ., 30 F.4th 335, 341–42 (3d Cir. 2022) (quoting FED. R. CIV. P. 8(a)(2)). That means, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when factual content is pled that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. (citing Twombly, 550 U.S. at 570). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).

On a motion to dismiss for failure to state a claim, district courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief. See Phillips, 515 F.3d at 233 (citations omitted).

As for the Amazon Defendants' motion to strike, Federal Rule of Civil Procedure 12(f) permits courts to strike, *inter alia*, immaterial, impertinent, or scandalous matters. See FED. R. CIV. P. 12(f). A Rule 12(f) motion is subject to the court's "considerable discretion" and is ordinarily denied unless the allegations are severely prejudicial and unrelated to plaintiff's claims. Horan v. Gross, 2024 WL 115798, at *7 (M.D. Pa. Jan. 10, 2024).

7

**Analysis**

For ease of disposition, the court will first address Amazon's arguments challenging Werner's vicarious liability claim. The court will then consider the applicability of the FMCSR in this case. Next, the court will address Werner's claims for punitive damages. Finally, the court will turn to Amazon Defendants' motion to strike certain allegations in the complaint.

### 1. Werner's Vicarious Liability Claims

Count II of Werner's complaint asserts that the Amazon Defendants are vicariously liable for Horton's conduct as the driver of the delivery van. (Doc. 1, Compl. ¶¶ 74-76). Werner alleges that the Amazon Defendants employed Horton at the time of the accident. (Id. ¶11). In moving to dismiss Werner's vicarious liability claim, the Amazon Defendants argue that Count II of the complaint asserts an improper independent cause of action for vicarious liability. (Doc. 16, Def. Br. in Supp. at 15). Per the Amazon Defendants, Werner's allegations are legally deficient because Pennsylvania law does not recognize a standalone cause of action for *respondeat superior* liability. (Id.)

Under Pennsylvania law, vicarious liability is a theory of liability that holds "a principal . . . liable to third parties for . . . negligent acts and other malfeasances of his agent, even though the principal did not authorize, justify, participate in or know of such conduct or even if he forbade the acts or

8

disapproved of them, as long as they occurred within the agent's scope of employment." Travelers Cas. & Sur. Co. v. Castegnaro, 772 A.2d 456, 459 (Pa. 2001).

For purposes of vicarious liability, the conduct of an employee is deemed within the scope of employment if: "(1) it is of a kind and nature that the employee is employed to perform; (2) it occurs substantially within the authorized time and space limits; (3) it is actuated, at least in part, by a purpose to serve the employer; and (4) if force is intentionally used by the employee against another, the use of force is not unexpected by the employer." R.A. ex rel. N.A. v. First Church of Christ, 748 A.2d 692, 699 (Pa. Super. Ct. 2000). "Courts [have explained] that *respondeat superior* merely connotes a doctrine of imputation once an underlying theory of liability has been established. It is not a separate cause of action." Sherman v. John Brown Ins. Agency, Inc., 38 F. Supp.3d 658, 670 (W.D. Pa. 2014) (citation omitted).

Werner's complaint sufficiently pleads the requisite elements of a vicarious liability cause of action against the Amazon Defendants. Per the plaintiff, Horton: 1) was "the agent, servant, workman, and/or employee of the Amazon Defendants" at the time of the accident; 2) was "under the Amazon Defendants' operating authority and was subject to [their] control"; and 3) was "acting in the course and scope of his employment"; and 4) was driving the van for the purpose

9

of delivering goods. . . for the benefit of all [d]efendants [including the Amazon Defendants]." (Doc., 1, Compl. ¶¶ 11, 16, 24, 32).

Furthermore, Werner's allegations in Count II of the complaint are premised on Count I, which asserts that Horton negligently operated the van. Werner bases his vicarious liability claim on Horton's alleged *per se* negligence. Accordingly, the vicarious liability allegations do not constitute a standalone cause of action but are instead derivative of Horton's underlying negligence. Therefore, the Amazon Defendants' motion to dismiss the vicarious liability allegations in Count II will be denied.

### 2. Applicability of the FMCSR to Werner's claims against the Amazon Defendants

Additionally, Count II of the complaint asserts that the Amazon Defendants are vicariously liable for Defendant Horton's negligence based upon his alleged violations of the FMCSR. [5]  (Id. ¶ 75(o), (q), (t), (v), (aa)). Count V advances that

---

[5] As a preliminary matter, Werner opposed the motion to dismiss by attaching a copy of a police crash report from the accident at issue in this case. (Doc. 19-2, Pl. Br. in Opp. Ex. B). Under the law, courts may "generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record" when deciding a Rule 12(b)(6) motion. Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted). A court may also consider "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Id. (citations omitted). Furthermore, where a document is integral to or explicitly relied upon in the complaint, it may be considered without converting a motion to dismiss for failure to state a claim into one for summary judgment under Rule 56. Doe, 30 F.4th at 343 (citations and internal quotation marks omitted).

the Amazon Defendants are directly liable for Horton's FMCSR violations through a theory of negligent hiring, training, supervision, and retention. (Id. ¶ 98(g), (q), (r), (v), (bb)). The Amazon Defendants move to dismiss the components of this case invoking the FMCSR arguing that this case involves a delivery van, not a tractor-trailer and thus the Regulations are wholly inapplicable based on the weight of Horton's vehicle. (Doc. 16, Def. Br. in Supp. at 11-12).

Under Pennsylvania law, to state a claim for negligence, a plaintiff must demonstrate that: (1) the defendant owed a duty to the plaintiff; (2) the defendant breached that duty; (3) there is a causal relationship between the breach and the resulting injury suffered by the plaintiff; and (4) there is actual loss suffered by the plaintiff. Schemberg v. Smicherko, 85 A.3d 1071, 1073–74 (Pa. Super. Ct. 2014)

---

Here, Werner's complaint makes no reference to the police crash report; it mentions only the police investigation. (Doc. 1, Compl. ¶ 61). Werner did not attach the police report, explicitly rely upon or quote excerpts from it, nor did he address the content of this report in the complaint. Thus, the court will not consider the police crash report in ruling on the motion to dismiss.

Seeking to fast-forward this case to the summary judgment phase, the Amazon Defendants rely upon the content of the police report to introduce additional evidence related to the weight of the van involved in the accident. (Id.) Specifically, the Amazon Defendants utilize the police crash report to retrieve the van's vehicle identification number ("VIN"). (Doc. 21, Def. Reply Br. at 3). Then, the Amazon Defendants use the VIN to introduce additional information provided by the van's manufacturer which is available on the National Highway Traffic Safety Administration's ("NHTSA") website. (Id. at 3-5). The Amazon Defendants argue that the NHTSA's publications are a matter of public record. (Id. at 4 n. 2). Although the court may consider matters of public record when deciding a Rule 12(b)(6) motion, the court will refrain from doing so here. Pension Ben. Guar. Corp., 998 F.2d at 1196. The information available on NHTSA's website would not be retrievable but for the VIN contained in the police crash report. Since the court will not consider the police crash report, it will likewise disregard any other evidence derived from it.

11

(citation omitted). "The concept of negligence *per se* establishes the elements of duty and breach of duty where an individual violates an applicable statute, ordinance, or regulation designed to prevent a public harm." Id. at 1074. Hence, negligence *per se* is often deemed sufficient to establish a negligent conduct without requiring "any argument or proof as to the particular surrounding circumstances." Id.

> To establish negligence *per se*, a plaintiff must demonstrate that:
>
> > 1) the statute or regulation clearly applies to the conduct of the defendant; 2) the defendant violated the statute or regulation; 3) the violation of the statute proximately caused the plaintiff's injuries; and 4) the statute's purpose is, at least in part, to protect the interest of the plaintiff individually, as opposed to the public.

Mest v. Cabot Corp., 449 F.3d 502, 518 (3d Cir. 2006) (citing Wagner, Inc., 684 A.2d at 574.

To serve as a proper basis for a negligence *per se* claim, a statute must "be so specific as to leave little question that a person or entity found in violation of it deviated from a reasonable standard of care." Shamnoski v. PG Energy, 858 A.2d 589, 601 (Pa. 2004). The same analysis applies when assessing violations of federal regulations as the basis for a negligence *per se* action. See Cecile Indus., Inc. v. U.S., 793 F.2d 97, 99 (3d Cir. 1986).

Here, the parties only dispute the first element necessary to establish a negligence *per se* claim, i.e., whether the Regulations apply to Horton's conduct.

12

The Amazon Defendants' entire argument is based on the weight of the delivery van. Specifically, the Amazon Defendants argue that the Regulations apply to "commercial motor vehicles" with a gross weight rating of 10,001 lbs. or greater. (Doc. 16, Def. Br. in Supp. at 11). The Amazon Defendants assert that Werner failed to plead any facts indicating that a Ford Transit van is a "commercial motor vehicle" subject to the FMCSR. (Id.) Additionally, the Amazon Defendants assert that Werner failed to plead the weight of the van or provide any details beyond its make and model. (Id.) The Amazon Defendants argue that, absent any additional details regarding the weight of the van, Werner cannot provide the Amazon Defendants with notice of any actual claim arising under the FMCSR, thereby depriving the Amazon Defendants of the opportunity to defend against it. (Doc. 16, Def. Br. in Supp. at 11).

To satisfy the first element of a negligence *per se* claim under Pennsylvania law, the statute or regulation must clearly apply to the conduct of the defendant. Mest, 449 F.3d at 518 (citing Wagner, 684 A.2d at 574). A " 'commercial motor vehicle' means a self-propelled or towed vehicle used on highways in interstate commerce to transport passengers or property" that "has a gross vehicle weight rating or gross vehicle weight of at least 10,001 pounds, whichever is greater[.]" 49 U.S.C. § 31132(1); 49 C.F.R. § 390.5.

As with the interpretation of a statute, the plain language of an administrative regulation "is paramount." Schappell v. Motorists Mut. Ins. Co.,934 A.2d 1184, 1187 (Pa. 2007). Here, the plain language of 49 C.F.R. § 390.5 requires the vehicle to possess a gross vehicle weight rating or a gross vehicle weight of at least 10,001 pounds. Otherwise, the vehicle would not qualify as a "commercial motor vehicle," even if it operated on highways in interstate commerce to transport passengers or property.

Werner contends that his allegations in the complaint are sufficient to allege violations of the FMCSR and that the applicability of the Regulations should be determined after discovery. (Doc. 19, Pl. Br. in Opp. at 7). The court agrees. At this juncture, the court cannot rule on the applicability of the FMCSR and the weight of the van without further discovery. The Amazon Defendants are sufficiently on notice that Werner seeks to establish the duty and breach prongs of his negligence claim through a negligence *per se* theory. Summary judgment is a more appropriate vehicle to analyze the applicability of the FMCSR to this case.

The Amazon Defendants do not dispute the remaining elements of negligence *per se*, nor do they contest that a violation of the Regulations may

constitute negligence *per se*.[6]  When reviewing the overall scenario in a light most favorable to Werner, he has sufficiently established the elements necessary to sustain negligence *per se* claims.  The Amazon Defendants' motion to dismiss the FMCSR components of this case will thus be denied.

### 3. Werner's Claims for Punitive Damages

Werner's direct liability and vicarious liability claims against the Amazon Defendants also allege reckless conduct. (Doc. 1, Compl. ¶¶ 75, 98).  Werner's claims against the Amazon Defendants seek recovery of "all" damages allowable under state and federal law. (Doc. 1, Compl. at ECF pp. 19, 23, 26, 28-29, 32-33).  The Amazon Defendants thus move to dismiss any implied claims of

---

[6] Notably, the FMCSR were promulgated to further "safety in motor carrier transportation." 49 U.S.C. § 113(b).  Congress intended the FMCSR to act as the "minimum safety standards for commercial motor vehicles." Ramos-Becerra v. Hatfield, 2016 WL 5719801, at *4 (M.D. Pa. Oct. 3, 2016) (citing 49 U.S.C. § 31136(a)). See generally Stanton by Brooks v. Astra Pharm. Prods., Inc., 718 F.2d 553, 563 (3d Cir. 1983) ("Under Pennsylvania law, the violation of a governmental safety regulation constitutes negligence per se if the regulation 'was, in part, intended to protect the interest of another as an individual [and] the interest of the plaintiff which was invaded ... was one which the act intended to protect.' ") (quoting Majors v. Brodhead Hotel, 205 A.2d 873, 875 (Pa. 1965)).

See also Cabiroy v. Scipione, 767 A.2d 1078, 1079-81 (Pa. Super. Ct. 2001) (holding that the Food, Drug and Cosmetic Act could serve as a basis for a negligence *per se* claim, even though it does not provide for a private cause of action, because it was certainly intended to protect a particular class of individuals, such as the appellee); see also McCain v. Beverly Health and Rehab. Servs, 2002 WL 1565526 at *1 (E.D. Pa. 2002) (rejecting allegations that the lack of a private cause of action "precludes the use of the relevant policies expressed in the statutes and regulations.")

punitive damages. They argue that such allegations are conclusory and unsupported. (Def. Br. in Supp., at 2,12-14).

Under Pennsylvania law, the award of punitive damages is warranted "for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." Hutchison v. Luddy, 870 A.2d 766, 770 (Pa. 2005) (quoting Feld v. Merriam, 485 A.2d 742, 747 (1984)).  As is evident from the name, "punitive damages are penal in nature and are proper only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct." Id.  Namely, defendant's action or inaction must be intentional, reckless or malicious. Id. at 771.  Hence, "a punitive damages claim must be supported by evidence sufficient to establish that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk." Id.  at 772.

Furthermore, "[p]unitive damages may be awarded on the basis of vicarious liability." Shiner v. Moriarty, 706 A.2d 1228, 1240 (Pa. Super. Ct. 1998) (citing Dean Witter Reynolds, Inc. v. Genteel, 499 A.2d 637, 643 (Pa. Super. Ct. 1985).  Pennsylvania law does not require "an agent to commit a tortious act at the direction of the principal, nor must the principal ratify the act, in order for

punitive damages to be imposed on him." <u>Shiner</u>, 706 A.2d at 1240 (citing <u>Philadelphia Traction Co. v. Orbann</u>, 12 A. 816, 818 (Pa. 1888)).

Focusing on Werner's vicarious liability claims, plaintiff alleges that Horton operated the van in a reckless manner without due regard for the plaintiff's rights and safety. (Doc. 1, Compl. ¶ 75(e)).  Per Werner, Horton was travelling at an excessive rate of speed without exercise of due care in violation of the FMCSR. (<u>Id</u>. ¶ 75(h), (i), (j)).  Moreover, Werner argues that Horton consciously chose: (1) not to yield while attempting to enter I-80 East; (2) to ignore the rules of the road and the FMCSR; and (3) to drive over the regulated number of hours. (<u>Id</u>. ¶ 75(p), (q), (y)).  Considering all the facts in the light most favorable to Werner, he has sufficiently pleaded that Horton possessed the requisite state of mind for an award of punitive damages.  At this stage of the proceedings, Werner has also sufficiently pled that the Amazon Defendants are vicariously liable for Horton's allegedly negligent conduct as determined above.

Additionally, per the Amazon Defendants, Werner did not plead any facts to support a punitive damages claim against the Amazon Defendants for their own conduct. (Doc. 16, Def. Br. in Supp. at 14).  In asserting direct liability claims against the Amazon Defendants, Werner alleges that they failed to ensure that their drivers were aware of the FMCSR requirements. (<u>Id</u>. ¶ 98(q)).  Plaintiff also alleges that the Amazon Defendants failed to regulate and monitor their driver's

actions and hours. (Id. at 98 (u), (w)). Hence, Werner argues that the Amazon Defendants knowingly violated federal and state law regarding the operation of commercial vehicles. (Id. ¶ (98)(cc)).

The complaint thus sufficiently sets forth enough facts to permit a punitive damages claim to move forward based on the Amazon Defendants' alleged actions or inactions and state of mind. Even if the Amazon Defendants' independent conduct does not warrant punitive damages, such damages may still be awarded against them based on Horton's actions and his state of mind. Therefore, dismissing Werner's punitive damages claim against the Amazon Defendants is not warranted at this time.

### 4. The Amazon Defendants' Request to Strike

Rule 12(f)(2) provides: "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Immaterial" allegations are those that bear no essential or significant relationship to the claim for relief or the asserted defenses. Conklin v. Anthou, 2011 WL 1303299, at* 1 (M.D. Pa. Apr. 5, 2011). "Impertinent" matters consist of statements that are unrelated to and unnecessary for resolving the issues in question. Cech v. Crescent Hills Coal Co., 2002 WL 31002883, at *28 (W.D. Pa. 2002). A "scandalous" matter or pleading is one that "improperly cast[s] a derogatory light on someone," employs "repulsive language," or

undermines "the dignity of the court." <u>Carone v. Whalen</u>, 121 F.R.D. 231, 232

(M.D. Pa. 1988).

Generally, Rule 12(f) motions "are 'not favored and usually will be denied

unless the allegations have no possible relation to the controversy and may

cause prejudice to one of the parties, or if the allegations confuse the issue.' "

<u>Perma-Liner Indus. v. U.S. Sewer & Drain, Inc.</u>, 630 F. Supp. 2d 516, 526 (E.D.

Pa. 2008) (quoting <u>N. Penn Transfer v. Victaulic Co.</u>, 859 F. Supp. 154, 159

(E.D. Pa. 1994)).

Here, the Amazon Defendants argue that numerous statements in the

complaint are objectionable and should be stricken. (Doc. 16, Def. Br. in Supp. at

5-6). For instance, the Amazon Defendants seek to strike language which

appears in paragraphs 14, 72(bb), 75(bb), 78(bb), 98(f), and 98(aa) of the

complaint. (<u>Id.</u> at 16).

Paragraph 14 of the complaint reads:

> Upon information and belief, to save money on deliveries,
> the Amazon Defendants have engaged in a "race to the
> bottom" within the trucking and transportation industries to
> minimize its rates of compensation for drivers, resulting in
> a practice of hiring incompetent and unsafe drivers who will
> work for less than competent drivers.

(Doc. 1, Compl. ¶ 14).

Per the Amazon Defendants, the language in paragraph 14 attempts to

cast them in a derogatory light. (Doc. 16, Def. Br. in Supp. at 15-16). Werner

19

counters that the allegations in this paragraph are directly related to his claim of recklessness and carelessness against the Amazon Defendants. (Doc. 19, Pl. Br. in Opp. at 18). The court agrees. Although this paragraph is argumentative, it addresses the core of Werner's allegations that the Amazon Defendants are vicariously liable for Horton's actions and are directly liable for negligent hiring, supervision, and retention of employees.

Additionally, paragraphs 72(bb), 75(bb), and 78(bb) of the complaint provide that the negligence, carelessness and recklessness of Horton, the Amazon Defendants, and Merchants resulted from "[Horton's] [f]ail[ure] to pass a post-crash drug and alcohol test." (Doc. 1, Compl. ¶¶ 72(bb), 75(bb), 78(bb)). Moreover, paragraph 98(f) notes that the Amazon Defendants were negligent, careless, and reckless, individually and through their employees in "[f]ailing to perform alcohol and/or drug tests after the crash [.]" (Id. at ¶ 98(f)).

The Amazon Defendants argue that Werner is unable to plead facts that demonstrate such a test was administered or even requested. (Doc. 16, Def. Br. in Supp. at 16-17). Furthermore, the Amazon Defendants assert that Werner failed to plead that it was the Amazon Defendants' duty to perform alcohol and drug tests following the crash. (Id.) Per the Amazon Defendants, this language insinuates that the crash involved alcohol or drugs. (Id. at 17).

However, these statements are relevant to Werner's allegations of whether federal and state laws were violated during the crash. Moreover, the same statements are relevant to Werner's claims of negligence *per se*, vicarious liability, and negligent hiring and supervision.

Furthermore, the Amazon Defendants request that the court strike paragraph 98(aa) of the complaint which provides that the negligence, carelessness, and recklessness of the Amazon Defendants consisted of "placing more emphasis on profits than on [the] safety of [their] drivers and the motor public[.]" (Doc. 1, Compl. ¶ 98(aa)). Similar to Werner's other allegations, this averment concerns the Amazon Defendants' hiring practices, which tie into his claims of negligent hiring and supervision.

Moreover, the Amazon Defendants request that the court strike Werner's allegations that the Amazon Defendants were "reckless" which appear in some of the headings in the complaint and in paragraphs 62, 72(e), 73, 75, 75(e), 76, 78, 78(e), 79, 85, and 98.[7] (Doc. 16, Def. Br. in Supp. at 3). The Court declines to strike these allegations because any reference to "reckless conduct"

---

[7] Goodfellow v. Camp Netimus, Inc., 2017 WL 1738398, at *9 (M.D. Pa. May 4, 2017) (holding that allegations of recklessness sufficiently state a claim for punitive damages to survive a motion to dismiss); Austin v. Nugent, 2016 WL 7048994, at *8 (M.D. Pa. Dec. 5, 2016) (finding that allegations of "reckless, careless conduct ... would be enough to state a 'plausible' claim for punitive damages under Pennsylvania law."); Ortiz v. Porte Reve Transp., Inc., 2015 WL 4078873, at *4 (M.D. Pa. July 6, 2015) (stating that "the motion to dismiss stage is not the appropriate time to differentiate between negligent and reckless conduct.").

constitutes a "factual characterization of the events that took place giving rise to the negligence action; it is not a claim in itself that the court can dismiss." See Austin, 2016 WL 7048994, at *7.

Also, the Amazon Defendants move to strike the words "consciously" or "knowingly" that appear in paragraphs 72(p), 72(q), 72(y), 72(z), 75(p), 75(q), 75(y), 75(z), 78(p), 78(q), 78(y), 78(z), 98(cc), 98(gg) and 98 (ll) of the complaint. These references are relevant to Werner's various claims against Horton and the Amazon Defendants, as they directly pertain to their state of mind.

The Amazon Defendants also argue that the Complaint's *ad damnum* clauses are intentionally ambiguous. (Doc. 16, Def. Br. in Supp. at 4). These clauses seek "…all damages allowed under the relevant laws of the Commonwealth of Pennsylvania and relevant federal laws of the United States of America…" (Id.; see also Doc. 1, Compl. at ECF pp. 19, 23, 26, 28-29, 32-33). These clauses, however, relate to the nature of Werner's alleged injuries, which the Amazon Defendants "can learn what [it] want[s] to know about the extent of the plaintiff[ ]'[s] alleged injuries . . . through discovery." Maya v. Chertok, 2015 WL 5254377, *6 (M.D. Pa. Sept. 9, 2015) (quoting Barry W. v. Ill. Valley Cmty. Hosp., 1995 WL 616960, at *2 (N.D. Ill. Sept. 26, 1995)).  To the extent that the

Amazon Defendants seek to strike these clauses, the court will deny their request.[8]

Lastly, the Amazon Defendants assert that references to the FMCSR in the complaint are immaterial, impertinent, and unfairly prejudicial. (Doc. 16, Def. Br. in Supp. at 17). However, as concluded in Section 2, the FMCSR may be applicable to this case. Hence, references to the FMCSR will not be stricken.

At this stage of the litigation, the court will not strike any of Werner's allegations. Specifically, such allegations, if true, could be material to Werner's claims against Horton and the Amazon Defendants. Based solely on the review of the pleadings, the above-mentioned statements are not immaterial, scandalous or impertinent, and the motion to strike them from the complaint will be denied.

**Conclusion**

For the reasons set forth above, the Amazon Defendants' motion to dismiss Werner's complaint will be denied. The Amazon Defendants' motion to strike will be denied as well. An appropriate order follows.

Date: 8/6/25

JUDGE JULIA K. MUNLEY
United States District Court

---

[8] The Amazon Defendants did not directly request to strike these statements. They only stated that they "appear ambiguous." (Doc. 16, Def. Br. in Supp. at 4).